UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

SATURNINO RIVERA MELENDEZ

DEBTOR(S)

_____

NOREEN WISCOVITH RENTAS, as
Trustee for the Estate of
Saturnino Rivera Melendez

Plaintiff(s)

Vs.
FRANCES HAINES VIUDA DE SIERRA,
et als.

Defendant(s)

_____

CASE NUMBER 11- 05641 (ESL)

CHAPTER 7

ADVERSARY PROCEEDING NUMBER:
12-0206

OPINION AND ORDER

This case is before the court upon the complaint filed by the Chapter 7 trustee praying the court to determine the validity or extent of a lien affecting property of the estate which the trustee intends to sell. The dispositive issue before the court is whether a prejudgment attachment executed by codefendant Frances Haines Lopez (Haines) constitute a valid lien on the property to be sold. Codefendant Haines argues that this court's decision in In re Carlos A. Rivera, Inc., 130 B.R. 377 (Bankr. D.P.R. 1991) controls; while plaintiff argues that the decision in In re MB Joma, Inc., 403 B.R. 146 (1st Cir BAP 2009) provides otherwise. If there is a valid lien, then the property may not be sold as there is no equity to the estate.

The procedural background to this action is not complex. The complaint was filed on March 9, 2012. On April 17, 2012 codefendant Haines moved to dismiss the complaint. Upon plaintiff's failure to oppose, the motion to dismiss was granted on June 25, 2012. On July 5, 2012 the plaintiff moved for reconsideration. The motion was scheduled for a hearing on August 31, 2012. At the hearing, the court granted the motion for reconsideration and stated that it would issue a decision on the merits of the complaint, that is, whether Ms. Haines is a secured creditor on account of a prejudgment attachment. No further pleadings have been filed since.

The court, after considering the pleadings before the court, finds that the following facts relevant to the controversy are not contested. On September 209, 2010 Haines presented before

the Registry of Property a preventing attachment to secure a future judgment in a state court tort action.  Judgment was entered in favor of Haines on May 24, 2011.  The bankruptcy petition was filed on June 30, 2011.  A title search attached to the claim filed by Haines shows that the attachment was filed on September 29, 2010.  There is no evidence showing that the presentation of the attachment has been rejected or returned.

In In re Carlos A. Rivera this court held that a prejudgment attachment on a debtor's property, made in accordance with the laws of Puerto Rico, constitutes a valid and perfected lien within the meaning of the Bankruptcy Code.  In In re MB JOMA, Inc.  the First Circuit Bankruptcy Appellate Panel held that a prepetition cautionary notice of a complaint did not by itself create a lien on land.  The difference in the two opinions lies in determining whether the legal action is an attachment or a cautionary notice pending a final decision.  In this case, while bankruptcy intervened before the state court judgment had become final, there was no appeal taken.  Thus, at this juncture there is a final judgment.  The title search shows that an attachment, as opposed to a cautionary notice, was presented. Consequently, the ruling in In re Carlos A. Rivera, Inc. controls.

In view of the foregoing, the court finds that there is a valid lien in favor of codefendant Haines and, thus, there is no equity in the property the trustee intends to sell. The complaint is hereby dismissed.  Judgment shall be entered accordingly.

SO ORDERED.

Dated this 4th. day of April, 2013, in San Juan Puerto Rico.

Enrique S. Lamoutte
United States Bankruptcy Judge